**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Asif Mustafa,** | ) | |
| **Plaintiff** | ) | |
| | ) | **C. A. File No. 4:19-cv-** |
| **v.** | ) | |
| | ) | |
| **BNS Management, Inc., Pushp Kumar** | ) | |
| **Jain and Sunita Jain** | ) | **Jury Trial Requested** |
| **Defendants** | ) | |
| | ) | |
| | ) | |

PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES PLAINTIFF Asif Mustafa and complains of Defendants BNS Management, Inc., Pushp Kumar Jain and Sunita Jain (collectively, "Defendants"), and for cause of action would respectfully show the Honorable Court as follows::

I.
INTRODUCTION

1.      This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"); as such, the action is authorized and instituted pursuant to a federal statute.

2.      This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Plaintiff Asif Mustafa ("Mr. Mustafa" or "Plaintiff) in the course of his employment with the Defendants.

3.      Plaintiff demands a jury trial on all issues that may be tried to a jury.

II.
JURISDICTION AND VENUE

4.      Plaintiff brings this action to recover unpaid overtime wages from the Defendants pursuant to the FLSA, a federal statute that confers subject matter jurisdiction upon the Court pursuant to 28 U.S.C. § 1331.

5.      The Court has personal jurisdiction over the Defendants because they reside in the state of Texas and conduct business in this District.

6.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

III.
PARTIES

7.      Plaintiff, **Asif Mustafa**, is a resident of Harris County, Texas.

8.      Defendant, **BNS Management, Inc.,** is a validly existing Texas corporation that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Pushp Kumar Jain, at his residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where he may be found.  This Defendant is part of an 'enterprise' that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including Exxon Food Mart Deli. This defendant is an employer, joint employer and/or an integrated enterprise.

9.      Defendant, **Pushp Kumar Jain,** is an individual who may be served with summons and complaint at his residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where he may be found.  This Defendant, along with Defendant Sunita Jain, owns and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendant.  As an 'employer', Mr. Jain is personally liable to Plaintiff under the FLSA.

2

10.     Defendant, **Sunita Jain,** is an individual who may be served with summons and complaint at her residence located at 14314 Spring Maple Lane, Houston, Texas 77062-2361, or at any other address where she may be found.  This Defendant, along with Defendant Pushp Jain, owns and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, including but not limited to the business establishments owned and operated by the named legal entity Defendant.  As an 'employer', Ms. Jain is personally liable to Plaintiff under the FLSA.

11.     Whenever in this complaint it is alleged that the one or more of the above named defendants committed any act or omission, it is meant that in addition to the defendants, defendants' agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of such defendant or was done in the routine normal course and scope of employment of defendants' agents, servants, or employees.

12.     At all material times, each Defendant has been an "employer" within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

13.     At all material times, Plaintiff has been an "employee" of each Defendant within the meaning of 29 U.S.C. § 203(e).

14.     At all material times, Defendants have been an 'enterprise' within the meaning of 29 U.S.C. § 203(r).  Defendants Pushp Kumar Jain and Sunita Jain are married to each other, and they collectively own and operate the gasoline station, deli and convenience store doing business as Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530.  The business is an enterprise, in that it performs related activities (i.e., convenience store / gasoline station / deli), performed through common control, by related individuals for a common business purpose.

IV.
FACTS

15.     For purposes of this action, the "relevant period" is the time-period commencing

on the date that is three years prior to the filing of this action, and continuing thereafter until time

of trial and judgment.

16.     During the relevant period, Defendants have been subject to the requirements of the

FLSA, 29 U.S.C. § 201 *et seq.*  The three-year statute of limitations of the FLSA is appropriate as

the relevant period because the Defendants willfully violated the FLSA, in that Defendants have

shown reckless disregard in their failure to comply with the overtime provisions of the FLSA.

17.     During the relevant period, Defendants were Plaintiff's 'employer' under 29 U.S.C.

§ 203(d), which the Supreme Court has recognized as "'the broadest definition that has ever been

included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81

CONG. REC. 7657).

18.     Further, in the context of the FLSA, the term 'employer' encompasses one or more

joint employers, *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190 (5th Cir. 1983); *Hodgson*

*v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819

(1973), and is not limited by formalistic labels or common law notions of employment

relationships. *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975).  Defendants were

Plaintiff's joint employer.

19.     Defendants collectively acted, directly or indirectly, in the interest of the employer

with respect to Plaintiff.

20.     Defendants were subject to the requirements of the FLSA because both enterprise

and individual based coverage existed during the relevant period.

21.     Individual coverage under the FLSA exists because at all material times, Plaintiff

was an employee engaged in interstate commerce or in the production of goods for interstate

commerce. 29 U.S.C. §§ 206-207.  In dispensing his duties for the Defendants as gas station / convenience store clerks, Plaintiff was engaged in interstate commerce. 29 U.S.C. §207(a)(2)(C). Plaintiff sold gasoline to customers that included businesses' employees who were either travelling between states or had travelled to or from other states.  Additionally, Plaintiff sold many other items manufactured and imported from out of state, including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries.  Plaintiff also utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

22.     Alternatively, enterprise coverage under FLSA exists because (1) Defendants have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) during the relevant 3-year period, the annual gross volume of sales made or business done is not less than $500,000. 29 U.S.C. §203(s)(1)(A)(i)-(ii).

23.     Defendants' enterprise meets the requirements of 29 U.S.C. § 203(s)(1)(A).

24.     In the course of owning and operating a gasoline station / convenience store / deli, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, credit cards, banks, etc.), and regularly handle materials that have been moved across state lines (i.e., gasoline, food items, alcohol, cleaning supplies, mops, brooms, computers, towels, soap, cleaning chemicals, etc.).  Defendants are thus "engaged in commerce" and have worked on "goods or materials that have been moved in … commerce". *See, Reyes v. Rite-Way Janitorial Serv.*, No. H-15-0847, 2016 U.S. Dist. LEXIS 18172 (S.D. Tex. Feb. 16, 2016), quoting *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217 (11th Cir. 2010).

25.     Further, during his employment, Plaintiff assisted many out-of-state customers as he observed out-of-state addresses on customer ID's to whom he sold alcohol, and many out-of-state license plates of vehicles to whom he sold gasoline. *See, Hajiani v. Rose Servs.*, 2013 U.S.

Dist. LEXIS 83783, *4-6, 20 Wage & Hour Cas. 2d (BNA) 1606, 2013 WL 2951062; *Khurana v. JMP USA, Inc*., 2017 U.S. Dist. LEXIS 52063, *10-11, 2017 WL 1251102; *Brennan v. Ventimiglia*, 356 F. Supp. 281, 282-283, 1973 U.S. Dist. LEXIS 14138, *2-5.

26.     Therefore, Defendants' employees, including Plaintiff, were engaged in commerce or in the production of goods for commerce, and/or were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

27.     Additionally, during each of the past three years prior to the filing of this action, and continuing thereafter, the Defendants had at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A)(ii).

28.     Defendants are an enterprise under 29 U.S.C. §203(r)(1).  Defendants collectively are engaged in related activities that are performed under common control by the individual Defendants, for a common business purpose.

29.     Defendants are a joint employer for purposes of this collective action. 29 C.F.R. §791.2(b).  In particular, as employers the Defendants are not completely disassociated with respect to the employment of members of the Plaintiff Class, and are thus deemed to share control of these employees, directly or indirectly, by reason of the fact that Defendants' business is under common control. 29 C.F.R. §791.2(b)(3).

30.     Defendants are an integrated enterprise in this collective action. "Superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp*., 701 F.2d 397, 404 (5th Cir. 1983).

31.     The individual Defendants – Pushp Kumar Jain and Sunita Jain – jointly own and operate the named legal entity Defendant, BNS Management, Inc.

32.     BNS Management, Inc. owns and operates the Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530.  Plaintiff worked at this business as a clerk.

33.     The individual Defendants are the owners, directors, and officers of BNS Management, Inc.  As such, BNS Management, Inc. is under the common control of Defendants Pushp Kumar Jain and Sunita Jain.

34.     As owners, directors, and officers of BNS Management, Inc., Defendants Pushp Kumar Jain and Sunita Jain possess the authority to set wage and overtime policies of all employees of the Exxon Food Mart Deli, including the Plaintiff.

35.     The wage and overtime policies Defendants Pushp Kumar Jain and Sunita Jain devised and implemented for the Exxon Food Mart Deli violated the overtime pay provisions of the FLSA as to each employee of such business, including the Plaintiff.

36.     Mr. Mustafa worked for the Defendants as a store clerk at the Exxon Food Mart Deli located at 1300 Sheldon Road, Channelview, Texas 77530 (the "Exxon").

37.     Mr. Mustafa worked at the Exxon from April 2012 until March 15, 2018.

38.     Mr. Mustafa was promised a wage of $12.00 per hour.

39.     The individual Defendants informed Mr. Mustafa that he would not be receiving any overtime pay despite having to work overtime hours on a weekly basis.

40.     Throughout his employment, Mr. Mustafa was required to perform duties that are typically performed by "hourly" or non-exempt employees.

41.     In performing his duties as a store clerk for the Defendants, Mr. Mustafa sold gasoline to individual customers and business employees who were either travelling between states or had travelled to or from other states.

42.     Plaintiff sold many other items made out of state including tobacco, alcohol, food, magazines, and lottery tickets for multi-state lotteries.

43.     Plaintiff utilized interstate lines of communication relating to telephone and credit card processing, and verifying checks from out of state accounts.

44.     To maintain the premises, Plaintiff used materials and cleaning supplies that had been moved across state lines (i.e., Clorox bleach, Windex, soaps, detergents, mops, brooms, brushes, towels and other cleaning chemicals).

45.     Plaintiff routinely and regularly engaged in these duties and he was thus routinely and regularly engaged in interstate commerce.

46.     By their actions, Defendants willfully violated the FLSA, including the decision to pay Mr. Mustafa with a check only for the first 40 hours worked each week.  By doing so, Defendants willfully and unlawfully circumvented the overtime pay provisions of the FLSA.

47.     Plaintiff now seeks all unpaid overtime wages from the Defendants, and all other damages allowed under the FLSA.

V.
### CAUSE OF ACTION

### Violation of the FLSA – Failure to pay overtime wages

48.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

49.     Mr. Mustafa was a non-exempt employee of Defendants.

50.     Individual coverage exists under the FLSA.

51.     Enterprise-wide coverage exists under the FLSA.

52.     As a non-exempt employee, Mr. Mustafa was entitled to receive overtime pay for all hours worked in excess of 40 during each seven-day workweek.

53.     Defendants did not pay the overtime premium Mr. Mustafa earned during each workweek in which he worked overtime hours in excess of 40.

54.     Defendants violated 29 U.S.C. § 201 *et seq*. by failing to pay Mr. Mustafa "overtime" pay for all hours worked in excess of 40 hours per week.

55.     Defendants' violations of the FLSA were willful because they devised a pay

scheme that circumvented the statute's overtime pay provisions.

56.     Defendants informed Mr. Mustafa that they would only pay his straight-time wages.

57.     Defendants failed to maintain complete, accurate and contemporaneous employee work records, including the number of hours Mr. Mustafa worked and the wages he was paid.

58.     Even though Mr. Mustafa worked more than 40 hours each week, Defendants carried out, week after week, a practice and pattern of not paying Mr. Mustafa's overtime wages.

59.     Mr. Mustafa seeks as back-pay all unpaid overtime wages.

60.     Mr. Mustafa seeks an additional equal sum as liquidated damages.

61.     Mr. Mustafa seeks attorney's fees and costs for bringing this action pursuant to 29 U.S.C. §216(b). which in part states "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

62.     Mr. Mustafa further seeks to recover post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

VI.
JURY DEMAND

63.     Mr. Mustafa makes a formal demand for jury trial.

VII.
PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Asif Mustafa respectfully requests that upon jury trial and verdict in his favor, the Honorable Court enter a Final Judgment in his favor, assessed against Defendants BNS Management, Inc., Pushp Kumar Jain and Sunita Jain, jointly and severally, as follows:

a.     Declare that Defendants violated the FLSA, specifically 29 U.S.C. § 207, by failing to pay Mr. Mustafa overtime wages at one and one half times his base hourly rate for all hours he worked in excess of 40 during each seven-day workweek;

9

b.    Declare that Defendants' violations of the FLSA are willful;

c.    Order Defendants to pay Plaintiff's reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

d.    Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees and costs, awarded against the Defendants; and,

e.    Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff.

Respectfully submitted,

**ALI  S. AHMED, P.C.**

By:    /s/ Salar Ali Ahmed
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 S.W. Freeway, Suite 1920
Houston, Texas 77074
Telephone:  (713) 223-1300
Facsimile:   (713) 255-0013

**Attorney for Plaintiff**
**Asif Mustafa**